UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY ENGLESBOBB, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    1:22-cv-00351-GZS |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|    Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, alleges various prison employees insulted him and wrongfully disciplined him. (Complaint, ECF No. 1.) Plaintiff asks the Court to rescind the disciplinary finding and return the good time credit he lost due to the discipline imposed.

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 7), which application the Court granted. (Order, ECF No. 8.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint was appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint was subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner

seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## FACTUAL ALLEGATIONS

According to Plaintiff, Defendant Doyle verbally insulted Plaintiff on September 28, 2022. At some point, drugs were evidently found in Plaintiff's possession. Plaintiff's commissary items were removed from his cell, and he was strip searched, placed in administrative segregation for forty-five days, and lost fifty-three days of good time credits that he had earned.

Plaintiff contends that someone planted the drugs. He asserts that Defendants Clancy, Snow, and Dupperre made false statements against him, and that Defendants Theriault and Richards failed to investigate adequately the matters in two disciplinary proceedings against him.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective

defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

While the insult Plaintiff alleged is highly offensive, the insult does not generate a federal claim.  "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute

an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)); s*ee also Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"). As the Court noted in *Lapomarda v. Skibinski*, No. 9-377-P-H, 2009 WL 4884500 (D. Me. Dec. 10, 2009), "'[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.'" *Id.* at *3 n.2 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (abrogated on other grounds)).

Plaintiff also alleges he was erroneously deprived of certain liberties based on an inadequate disciplinary procedure. The allegations sound in due process. (*See* Attachment at 2, ECF No. 1-1 (asserting that the Defendants' actions during the disciplinary proceedings violated his right to due process of law).) The Fourteenth Amendment prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected

4

interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).

The substantive guarantee of the Due Process Clause "rests not on perceived procedural deficiencies but on the idea that the government's conduct, regardless of procedural swaddling, was in itself impermissible." *Amsden*, 904 F.2d at 753. "The substantive component of the Due Process Clause is violated by executive action when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Espinoza v. Sabol*, 558 F.3d 83, 87 (1st Cir. 2009) (quotation omitted); *see also*, *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006) (conduct must be "extreme and egregious," "truly outrageous, uncivilized, and intolerable," "stunning"). Plaintiff's allegation of erroneously applied discipline (revoked good time credits and a temporary stay in administrative segregation) falls short of the high bar required to make out a substantive due process claim.

The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing," but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998) (quotation omitted). Courts determine which procedural protections are required "according to a sliding scale, balancing a number of factors, including the nature of the private and public interests involved; the risk of erroneous deprivation accruing under the procedures used by

the state; and the probable benefit of demanding additional procedural safeguards." *Amsden*, 904 F.2d at 753.

Plaintiff argues Defendants failed to follow the proper rules and that the discipline was unwarranted. Plaintiff's claim fails, however, under the Supreme Court's reasoning in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Zinermon v. Burch*, 494 U.S. 113 (1990). The so-called *Parratt-Hudson* doctrine provides:

> So long as a state has not set up a scheme so open-ended it invites unwarranted uses of summary process, *see Zinermon*, 494 U.S. at 138, and so long as a state provides an adequate after-the-fact remedy for any wrongful summary action, *see Parratt*, 451 U.S. at 543–44, allegations of the kind of "random and unauthorized" mistakes in application that those who work in government sometimes make are not enough to state a procedural due process claim, *Hudson*, 468 U.S. at 533.

*S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82, 89 (1st Cir. 2014) (alternate citations omitted).

Here, Plaintiff has not plausibly alleged the unavailability of an adequate state post-deprivation process to challenge the rulings. *See Herwins*, 163 F.3d at 19 ("It is undisputed that [Plaintiff] could have challenged the shutdown by [administratively] appealing the order . . . and, if dissatisfied with [the] decision, could have appealed the ruling to the state courts"); *see also*, Attachment at 1, ECF No. 1-1 (state court complaint under Maine Rule of Civil Procedure 80C for challenging the actions of state agencies).[1] "A procedural due

---

[1] If there is a pending state court action, dismissal would also be required under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Federal interference with ongoing state judicial proceedings is impermissible if: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). If Plaintiff were to pursue the state court action to final judgment, the *Rooker-*

process claim that does not 'allege the unavailability of constitutionally-adequate remedies under state law' fails." *Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020) (quoting *Rumford Pharmacy, Inc. v. City of E. Providence*, 970 F.2d 996, 999 (1st Cir. 1992)). Accordingly, Plaintiff has not alleged an actionable procedural due process claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of March, 2023.

---

*Feldman* doctrine might also present an obstacle to his federal complaint. *See generally*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).