UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |  | |
|---|---|---|---|
| ANTHONY ENGLESBOBB, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 1:22-cv-00351-GZS | |
| | ) | | |
| MAINE DEPARTMENT OF | ) | | |
| CORRECTIONS, et al., | ) | | |
| | ) | | |
| Defendants | ) | | |

**SUPPLEMENTAL RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, alleged various prison employees insulted him and wrongfully disciplined him. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 7), which application the Court granted. (Order, ECF No. 8.) After a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a), I recommended the Court dismiss Plaintiff's complaint. (Recommended Decision, ECF No. 13.) Petitioner then filed an amended complaint, which included some additional allegations. (Amended Complaint, ECF No. 18.)

Following a review of Plaintiff's amended complaint, I recommend the Court permit Plaintiff to proceed on his alleged due process claim and dismiss all other alleged claims.

## DISCUSSION

On his due process claim, Plaintiff originally alleged that (1) Defendants Clancy, Snow, and Duperre provided false statements against him regarding drugs found in his cell and a search that followed, (2) Defendants Theriault and Richards failed to investigate adequately two disciplinary matters, and (3) when Plaintiff requested relevant video recordings, none was available. (Complaint at 3–4.) In the amended complaint, when construed most favorably to Plaintiff, Plaintiff has also alleged that Defendants refused to allow him an opportunity to examine documents and video evidence used against him in the disciplinary proceedings and destroyed video evidence that would have supported his version of the pertinent events.

Although some of the procedural safeguards applicable to criminal proceedings do not apply to prison disciplinary matters, the administrative disciplinary decision must be supported by "some evidence in the record" and "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–56 (1985).

At least one circuit court has held "that the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Other

"[c]ourts have found that a prisoner's due process right to present documentary evidence in his own defense is violated when the disciplinary decisionmaker unjustifiably refuses to produce and review a potentially exculpatory security video upon the prisoner's request." *Simuel v. Warden, FCI Berlin*, No. 21-CV-127-SE, 2022 WL 1322573, at *7 (D.N.H. May 2, 2022).

Because Plaintiff has alleged more than the mere unavailability of video evidence and an erroneous disciplinary decision – that Defendants deprived him of an opportunity to review relevant evidence and that Defendants destroyed relevant evidence – Plaintiff has alleged enough at this stage to proceed on his alleged due process claim. Plaintiff's amended complaint does not alter the analysis in the original Recommended Decision as to Plaintiff's other claims.

## CONCLUSION

Based on the foregoing analysis and based on the analysis set forth in the original Recommended Decision (ECF No. 13), after a review of Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss all alleged claims except Plaintiff's due process claim.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

3

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

    Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of May, 2023.