UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY ENGLESBOBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00351-LEW |
| ) | |
| MAINE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER OF DISMISSAL**

Plaintiff Anthony Englesbobb, proceeding pro se, filed Plaintiff's Complaint (ECF No. 1) on November 7, 2022. On March 14, 2023, the United States Magistrate Judge filed with the Court his Recommended Decision after Review of Plaintiff's Complaint (ECF No. 13), which recommended sua sponte dismissal of Plaintiff's claims. Plaintiff subsequently filed his Amended Complaint (ECF No. 18), which alleged a new claim under the Fourteenth Amendment's Due Process Clause. On May 10, 2023, The United States Magistrate Judge filed his Supplemental Report and Recommended Decision (ECF No. 19), which recommended dismissal of all claims except Plaintiff's due process claim. On July 6, 2023, I issued an Order on Recommended Decisions (ECF No. 23) dismissing the March 14 Recommended Decision (ECF No. 13) and affirming the May 10 Recommended Decision (ECF No. 19), allowing Plaintiff to proceed with his due process claim.

The matter is presently before the Court on the Defendants' Motion for Summary Judgment (ECF No. 46), which I need not address. In this motion Defendants' attorney submitted a Declaration Regarding Service which states the Plaintiff "was released from

the Maine State Prison and the custody of the Maine Department of Corrections on March 22, 2024, and he did not provide the Department a forwarding address." Defs.' Mot. at 9. The most recent court Notice (ECF No. 49) sent to Plaintiff at Maine State Prison was returned as undeliverable (ECF No. 50). The Court has not heard from Plaintiff since January 8, 2024, a little over eight months ago.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31) (1962)). Rule 41(b) allows the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Litigants have a duty to inquire into the status of litigation and to keep the court informed of their current address. *United States v. Guerrero*, 302 F. App'x 769, 771 (10th Cir. 2008); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.").

Given Plaintiff's lengthy silence and failure to provide the court with a current address, I find it likely Plaintiff has abandoned his case. As appropriate for Plaintiff's failure to prosecute, his case is DISMISSED.

**SO ORDERED.**

Dated this 26th day of September, 2024.

/s/Lance Walker
Chief U.S. District Judge